FILED
2017 Mar-28  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| TINA ROMANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 7:16-cv-00295-LSC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

## I.    Introduction

The plaintiff, Tina L. Romano, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI"), a period of disability, and Disability Insurance Benefits ("DIB").  Ms. Romano timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Romano was forty-seven years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a twelfth grade education.  (Tr. at 26.) Her past work experiences include employment as a medical secretary.  (Tr. at 464-

65.) Ms. Romano claims that she became disabled on November 1, 2008, due to depression and anxiety.  (Tr. at 148, 172.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA").  *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments.  *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  The decision depends on the medical evidence contained in the record.  *See Hart v.*

*Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Romano met the insured status requirements of the Social Security Act through December 31, 2013. (Tr. at 18.) He further determined that Ms. Romano has not engaged in SGA since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's anxiety; depression/dysthymia; borderline personality disorder; bipolar disorder; borderline intellectual functioning (provisional); pain disorder; and attention deficit hyperactivity disorder ("ADHD") are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 19.) The ALJ did not find Ms. Romano's allegations to be totally credible, and he determined that she has the RFC to perform a full range of work at all exertional levels but with the following

nonexertional limitations: she is limited to no more than the understanding, remembering, and carrying out of simple instructions. That activity can be sustained for two hours and with normal breaks, to include mid-morning, lunch and mid-afternoon, sustained over an eight-hour day. The work should have no more than infrequent changes in the work setting and occasional decision making. Her interaction with the public and co-workers should be limited to no more than occasional, with no tandem tasks required of the job. (Tr. at 20.)

According to the ALJ, Ms. Romano is unable to perform any of her past relevant work, she is a "younger individual age 18-49," and she has a high school education and is able to communicate in English, as those terms are defined by the regulations.  (Tr. at 26.)  Because Plaintiff cannot perform the full range of exertional work at all levels, the ALJ enlisted a vocational expert ("VE") and used Medical-Vocation Rule 204.00 as a guideline for finding that there are a significant number of jobs in the national economy that she is capable of performing, such as production assembler, hand packer, and small products assembler.  (Tr. at 27.) The ALJ concluded his findings by stating that Plaintiff was "not under a 'disability,' as defined in the Social Security Act, from November 1, 2008, through the date of this decision."  (*Id.*)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the

proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

One of Ms. Romano's arguments in support of reversal and remand is that the ALJ failed to state the weight he gave to her treating physician's opinion.[1] The Court agrees that this case must be reversed and remanded on that ground.

Included in the record are treatment notes from Dr. Deina Nemiary, a psychiatrist Plaintiff saw at Alabama Psychiatric Services, P.C. on four separate occasions between April and October 2014. (Tr. at 413-21.) At the first visit, Dr. Nemiary noted that although Plaintiff was well-groomed, she was "very confused,

---

[1] Plaintiff also argued that the ALJ erred in discounting her subjective complaints of pain, assigning less weight to the opinion of her one-time consultative examiner than to the state agency medical expert, and relying upon Global Assessment of Functioning ("GAF") scores assigned by her physicians.

unable to remember dates from the past and what medications she was on." (Tr. at 413.) Plaintiff reported several suicide attempts through overdoses, hallucinations, cutting herself to relieve stress, and that three months prior she had "contemplated stabbing herself." (*Id.*) The doctor opined that Plaintiff "does seem to be paranoid," noting that she reported that her coworkers at her last job conspired to kill her and that her husband wanted to kill her. (*Id.*) She diagnosed Plaintiff with bipolar disorder, severe with psychotic features, and sedative abuse. (*Id.*) Despite that diagnosis, Dr. Nemiary assigned Plaintiff a GAF score of 65 to 70, which indicates relatively mild symptoms, e.g., depressed mood and insomnia. (Tr. at 414.) Within the physician's summary on the first treatment note, Dr. Nemiary referred to Plaintiff as a "47 year old white female, who presents with significant depressive symptoms and hypomanic symptoms. She also is very paranoid, and had one instance of seeing a man in her closet which could be a visual hallucination. She is on high doses of Valium and Klonopin together with Tramadol and Lortab and that might be adding to her confusion." (*Id.*) She also noted that Plaintiff had poor judgment and memory and that her attention and concentration were distractible. (*Id.*) The doctor tapered Plaintiff's dosage of Klonopin so that she could discontinue it. (*Id.*) She kept her on Prozac, Lamictal, and started her on Seroquel. (*Id.*) At later visits Plaintiff reported to Dr. Nemiary that she was still experiencing

depression and hypomanic symptoms, that she was still "not well," and that she was having tremors. (Tr. at 416-18.) The doctor adjusted her medications and referred her to therapy. (*Id.*)

An ALJ must consider all medical opinions in a claimant's case record, together with other relevant evidence. 20 C.F.R. § 404.1527(b). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. *Id.* "Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion." *Id.* (internal quotation marks omitted). In *Winschel*, the Eleventh Circuit reversed after determining that it was "possible that the ALJ considered and rejected" two medical opinions because "without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id.; see also McClurkin v. Social Sec. Admin.*, 625 F. App'x 960, 962-63

(11th Cir. 2015) (unpublished) (failing to state weight given to non-examining physician's opinion constitutes reversible error).

Based on the forgoing, an ALJ may not ignore or even implicitly reject any medical opinion, but is instead required to state with particularity the weight given to it and the reasons therefor. In this case, although the ALJ acknowledged and discussed to some extent Dr. Nemiary's treatment of Plaintiff and her diagnosis (tr. at 23-24), he never stated what weight he assigned to Dr. Nemiary's opinion.[2] The Court could guess as to what weight the ALJ's findings indicate, but the fact remains that the ALJ failed to explicitly assign a weight to Dr. Nemiary's opinion as required by the law of this circuit. Without such an explicit statement of weight, this Court does not have a basis for reviewing whether the ALJ's decision was supported by substantial evidence. Thus, the ALJ failed to apply the correct legal standard to the opinion of Dr. Nemiary, which is not harmless and constitutes reversible error. *See Winschel*, 631 F.3d at 1179; *McClurkin*, 625 F. App'x at 963. Accordingly, the case must be reversed and remanded for further proceedings. *See, e.g., Williams v. Comm'r of Soc. Sec.*, 2015 WL 5307732 (M.D. Fla. Sept. 10, 2015)

---

[2] Dr. Nemiary's treatment notes and diagnosis constitutes an "opinion" under the regulations and Eleventh Circuit case law. *See Winschel,* 631 F.3d at 1178–79 (holding that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement constitutes an opinion, which requires the ALJ to state with particularity the weight given to it and the reasons therefor) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).

(reversing and remanding because ALJ's failure to state weight given to doctor's opinion reversible error); *Maholmes v. Comm'r of Soc. Sec.*, 2016 WL 5462726 (N.D. Ala. Sept. 29, 2016) (same); *Hudson v. Colvin*, 2016 WL 3570379 (N.D. Ala. June 30, 2016) (same).

The Court also notes that Commissioner's assertion that Plaintiff "does not . . . identify any particular treating physician or cite to any medical opinion that the ALJ purportedly failed to consider" (Commissioner's Brief at 8) is not well taken. While Plaintiff did not mention Dr. Nemiary by name in the argument section of her brief, she discussed Dr. Nemiary's treatment, findings, and diagnosis in the "Statement of Facts" section. (Plaintiff's brief at 6.) Moreover, subsequently in the "Argument" section, Plaintiff clearly claimed: "[t]he ALJ does not mention the statements contained in the records of the claimant's treating physician." (*Id.* at 20.) Plaintiff then quoted the Eleventh Circuit's *Winschel* opinion at length, as discussed above, and concluded with the statement: "In the instant case the ALJ failed to give controlling weight to the treating physicians and therefore, was in error." (*Id.* at 21-22.) The argument is properly before the Court.

On remand, the ALJ must state with particularity the weight given to Dr. Nemiary's opinion, and to the extent he did not do so, the weight given to each treating and non-treating physician's opinion.[3]

## IV.   Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and briefs of the parties, the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability, DIB, and SSI is REVERSED and REMANDED for further administrative proceedings consistent with this opinion. A separate closing order will be entered.

**DONE** AND **ORDERED** ON MARCH 28, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

---

[3]     The ALJ's error, discussed above, is dispositive of this case. Therefore, it is unnecessary to address Plaintiff's remaining arguments. *See* note 1, *supra*. *See also Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin*, 625 F. App'x at 963 n.3 (no need to analyze other issues when case must be reversed due to other dispositive errors).